**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

_____

MICHAEL DePRIZIO and        :
CHARLENE DePRIZIO,          :
                            :
            Plaintiffs      :
                            :   NO. 3:CV-05-2273
       -vs-                 :
                            :   (Judge Kosik)
                            :
LTS REALTY COMPANY,         :
LTS BUILDERS, L.L.C.,       :
LTS BUILDERS, INC.,         :
LTS BUILDERS, SARAH DETRICK,:
RANDY DETRICK, and          :
SI MOOREHEAD,               :
                            :
            Defendants      :
_____

## MEMORANDUM AND ORDER

This matter is before us for a second time after being administratively closed on August 26, 2006 pending an answer from the Pennsylvania Supreme Court to a question certified to it by the United States Court of Appeals in and for the Third Circuit in the case of *Salley v. Option One Mortgage Corp.*, 2005 WL 3724871, 2005 U.S. App. Lexis 29399 (3d Cir. 2005). The answer came on May 31, 2007 in *Salley v. Option One Mortgage Corp.*, 592 Pa. 323, 925 A.2d 115 (Pa. 2007). We revisit our case to determine what, if any, affect the decision of Pennsylvania's highest court will have.

### Background

The particular history of this litigation is more completely stated in our decision filed on August 26, 2006.

The controversy arises from contracts for the sale of land and for the construction of a home. On December 11, 2004, plaintiffs signed an agreement to purchase a lot from the Detrick defendants. The agreement was prepared by the LTS defendants. Some problems arose regarding the feasibility of the property. Plaintiffs signed a second agreement on December 18, 2004 to purchase the Detrick lot. At the same time, plaintiffs entered into a contract with LTS Builders for construction of a home. In addition, plaintiff's signed two documents granting the LTS defendants power of attorney concerning construction requirements. The December 18, 2004 land sale contract was prepared and provided by the LTS defendants. Neither the December 11 nor the December 18, 2004 agreements of sale included an arbitration clause. The construction contract with LTS Builders, however, contained a clause that required plaintiffs to submit to arbitration any claims against the LTS defendants arising from the home construction. The construction contract reserved for the LTS defendants alone the option to litigate any disputes in the Monroe County Court of Common Pleas.[1]

Various problems arose delaying the construction of plaintiffs' home. On November 2, 2005, plaintiffs filed a complaint in this court stating several causes of action against the defendants. The Detrick defendants filed a motion to dismiss. The LTS defendants filed their own motion to dismiss, which echoed

---

[1] Defendant Moorehead was an agent with LTS Realty, and along with the defendants LTS Builders, LTS Builders, L.L.C., LTS Builders, Inc. We refer to these defendants collectively as LTS defendants.

-2-

the two basis for dismissal in the Detrick motion. Additionally, the LTS defendants claimed that dismissal was necessary on jurisdictional grounds as the construction contract required that plaintiffs submit all claims to arbitration.

In our earlier decision of August 26, 2006, we denied the Detrick motion. For similar reasons, we decided the LTS defendants motion in part only. We granted their motion in part dealing with punitive damages. Additionally, we reserved a decision on one aspect of the LTS defendant's motion to dismiss which claimed the plaintiffs were required to go to arbitration. Plaintiffs maintain the arbitration provision is procedurally and substantively unconscionable.

## Discussion and Conclusion

We reserved a decision on the arbitration issue because of an apparent conflict between a Pennsylvania Superior Court decision in *Lytle v. CitiFinancial Serv. Inc.*, 2002 Pa.Super. 327, 810 A.2d 643, 655 (2002) and *Harris v. Green Tree Financial Corp.*, 183 F.3d 173 (3d Cir. 1999) in interpreting Pennsylvania law. *Lytle* held as a matter of law, contrary to *Harris*, that an arbitration provision which exempted certain financial institutions remedies from arbitration while requiring the consumer to arbitrate other claims, was presumptively unconscionable, and therefore, unenforceable.

Confronted with this conflict, the Circuit Court in *Salley,* supra. *(*not reported in Federal 3d) certified the following question of law to the Pennsylvania Supreme Court:

> Whether the arbitration agreement under consideration in this case, which exempts from binding arbitration certain creditor remedies, while requiring the submission of other claims to arbitration, is unconscionable under Pennsylvania law, as suggested by _Lytle v. CitiFinancial Serv., Inc._, 810 A.2d 643 (2002)(one-sided agreement presumptively unconscionable)(*contra* _Harris v. Green Tree Fin. Corp._, 183 F.3d 173 (3d Cir. 1999), and is therefore unenforceable?

The Pennsylvania Supreme Court decision agreed that whether an arbitration agreement is unconscionable is ultimately a question of law, but a necessary inquiry is often fact sensitive. It found that merely because a contract is one of adhesion, or because of an imbalance in rights, it does not render it unconscionable and unenforceable. In the present case, the plaintiffs' representation is that the whole package of agreements, along with defendants' representations that plaintiffs did not need a lawyer, were all a part of the fraud and deception practiced by the defendants. Both federal and state law recognizes that an arbitration provision may be set aside for generally recognized contract defenses such as duress, illegality, fraud and unconscionability. _Lytle_, at 656.

When considering the facts required in assessing unconscionability, the lack of choice in this case unreasonably favors the party with greater bargaining power and is against public policy. The result is that the terms of the contract in this case do not reserve to the defendants some judicial remedies ordinarily unique to a lending institution, such as foreclosure. Rather, the terms in our contract reserve to the defendants alone an option for judicial remedies in every instance. Regrettably,

the Pennsylvania Supreme Court, in answering the certified question, did not resolve the conflict in the present case. The Pennsylvania Supreme Court decision is limited to the facts in *Salley*. And while it reverses the Superior Court holding in *Lytle*, the Supreme Court concluded "that the exception from mandatory arbitration for foreclosure . . . in and of itself, does not render the agreement presumptively unenforceable under Pennsylvania law." While reversing *Lytle* on this issue, the court did not condemn the *Lytle* reasoning and tenor:

> While we believe that *Lytle* was well intentioned in its effort to guard against pernicious lending practices, our conclusion here is that it swept too broadly. Under Pennsylvania law, the burden of establishing unconscionability lies with the party seeking to invalidate a contract, including an arbitration agreement, and there is no presumption of unconscionability associated with an arbitration agreement merely on the basis that the agreement reserves judicial remedies associated with foreclosure.

*Salley*, 925 A.2d at 129.

We adopt the survived reasoning of the Superior Court in *Lytle* to conclude that the arbitration agreement at issue here is procedurally and substantively unconscionable, and therefore unenforceable. Accordingly, the jurisdiction will continue with this court.

SO ORDERED.

*s/Edwin M. Kosik*
United States District Judge

Date: January 16, 2008

-5-